UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERTHA VAZQUEZ FAJARDO, an individual; BLANCA URIOSTEGUI, an individual,

          Plaintiffs-Appellees,

  v.

UNITED STATES OF AMERICA,

          Defendant-Appellant,

MARCO RICO,

          Defendant-Appellee.

No.   18-56510

D.C. No.
3:16-cv-02980-LAB-MDD
Southern District of California,
San Diego

ORDER

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,* District Judge.

The memorandum disposition filed November 29, 2019, is amended as set out in the attached Amended Memorandum Disposition.

With that amendment, the panel has voted to deny the petition for panel rehearing.

The petition for panel rehearing is DENIED (Doc. 50).

No further petitions shall be entertained.

---

    *    The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERTHA VAZQUEZ FAJARDO, an individual; BLANCA URIOSTEGUI, an individual, <br><br>         Plaintiffs-Appellees, <br><br>  v. <br><br> UNITED STATES OF AMERICA, <br><br>         Defendant-Appellant, <br><br> MARCO RICO, <br><br>         Defendant-Appellee. | No.   18-56510 <br><br> D.C. No. 3:16-cv-02980-LAB-MDD <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[**] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Louis Guirola, Jr., United States District Judge for the
Southern District of Mississippi, sitting by designation.

The government appeals the district court's order granting a petition for certification filed by Marco Rico under 28 U.S.C. § 2679(d)(3). The sole question in this interlocutory appeal is whether the district court erred in finding that Rico acted within the scope of his federal employment when engaging in the actions that form the basis of claims under the Federal Tort Claims Act ("FTCA") by Plaintiffs Bertha Vazquez Fajardo and Blanca Uriostegui (Fajardo's daughter). We have jurisdiction under 28 U.S.C. § 1292(b) and affirm.

"The Attorney General's decision regarding scope of employment certification is subject to *de novo* review in both the district court and on appeal. Where facts relevant to this inquiry are in dispute, however, we review the district court's factual findings for clear error." *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (per curiam)).

We evaluate whether Rico acted within the scope of his employment by applying "the principles of *respondeat superior* of the state in which the alleged tort occurred." *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017) (quoting *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 876 (9th Cir. 1992)). The events at issue in this case took place in California.

Applying this Court's decision in *Xue Lu v. Powell*, 621 F.3d 944 (9th Cir. 2010), the district court did not err in holding that Rico acted within the scope of his employment when he allegedly assaulted Fajardo at her home. In *Powell*, this Court

2

held that an asylum officer acted within the scope of his employment when he traveled to two asylum applicants' homes to discuss their asylum cases and sexually assaulted them during those home visits. *Id*. at 946, 948–49. Here, Rico met Fajardo during an official passport fraud investigation when he was a Special Agent at the U.S. Department of State. During the course of that investigation, Rico instructed Fajardo to call him if she learned any relevant information about the investigation. Fajardo subsequently called him, and Rico then traveled to Fajardo's home. Therefore, under *Powell*, Rico acted within the scope of his employment when he allegedly engaged in the actions that form the basis of the Plaintiffs' FTCA claims.

**AFFIRMED**.